# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

| | |
|---|---|
| WILLIE E. MOSES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | JURY DEMANDED |
| MAHLE AFTERMARKET, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

1. Plaintiff, Willie E. Moses, is a resident of Shelby County, Tennessee.

2. Defendant, MAHLE Aftermarket, Inc. ["MAHLE"], is a Delaware Corporation with its principal place of business in Farmington Hills, Michigan. Its registered agent for service of process is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

3. This action is filed pursuant to 42 U.S.C. § 1981, as amended, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and the Tennessee Human Rights Act ["THRA"], TENN. CODE ANN. § 4-21-101, *et seq.*, The foregoing statutes provide in pertinent part that all employees should be protected from, *inter alia*, discrimination in employment and that all employees' interests in dignity and freedom from humiliation should be protected.

4. This action is also filed pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, which states in pertinent part that it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this title.

5. This Court has federal question and diversity jurisdiction over this case pursuant to 28 U.S.C. § 1331 & 1332.

6. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b) and (c).

7. Defendant employs more than 500 employees.

8. On or about April 15, 2021, Plaintiff was hired at MAHLE as a Production Supervisor, where he supervised a team of Pickers and Packers that would pick products from the product floor and package them to be shipped. Plaintiff is a black male. Throughout his employment, Plaintiff was a good, effective employee. Plaintiff had no discipline prior to his termination.

9. Plaintiff was originally assigned to night shift at MAHLE. Plaintiff worked well on night shift.

10. Around April and/or May 2022, Plaintiff's daughter was hospitalized with sickle cell anemia, meaning Plaintiff needed additional time off work to care for her. Since Plaintiff was not able to use Family Medical Leave at the time, Plaintiff requested to switch from night shift to day shift. Switching his shifts would allow him to work full-time at MAHLE while caring for his daughter. Plaintiff's request to switch shifts was denied. Consequently, Plaintiff was forced to use his vacation days to care for his daughter.

11. After Plaintiff's request to switch shifts was denied by his supervisor, Plaintiff learned that a black female had requested to transfer to a different shift, despite the fact that she had not worked in her department the required eighteen (18) month period. The female employee's request to transfer was accepted.

12. Plaintiff is aware of other employees outside of his protected classes that were allowed to switch shifts, departments, and/or job duties for similar reasons.

13. When Plaintiff was eligible for FMLA benefits in April of 2022, he began his application. The HR Representative that was helping him with his application retired during his

application process, so Plaintiff was still within the application process at the time of his termination on May 31, 2022.

14. Around the end of May 2022, leading up to Plaintiff's termination, Plaintiff had been working his regular night shift, when the MAHLE Plant Manager came to Plaintiff asking why Plaintiff's team had not been picking AutoZone products that week. Plaintiff responded that his team had been picking AutoZone products, and the Team Lead and Plaintiff showed the Plant Manager the shipping dock where AutoZone products were staged. Plaintiff also contends that the schedule he wrote for the week prior showed that his team was scheduled to pick AutoZone products the entire week leading up to this interaction.

15. After this incident, the Operation Manager, William Standard ("Standard"), questioned Plaintiff regarding AutoZone picking as well, where Plaintiff explained that he had already showed the Plant Manager proof the AutoZone products were picked. Standard told him he would handle it.

16. Defendant has a progressive discipline policy within their policies and procedures manual.

17. The day following, Standard called Plaintiff into a conference room with HR Representative, Andrea Huff, present. Standard informed Plaintiff that he was suspended for not picking AutoZone products the previous week and requested Plaintiff's badge, keys, and gate remote. Plaintiff informed Standard that he was scheduled off for vacation approximately the next four days. Standard told Plaintiff to go ahead and take his vacation and that he would reach out to Plaintiff regarding coming back to work.

18. While Plaintiff was off of work for vacation following the suspension meeting, Standard and HR Representative, Andrea Huff, called to inform him that he was terminated. When

Plaintiff asked why he was being terminated, Standard informed him the termination was because Plaintiff "could not answer a question." Standard informed Plaintiff that his office would be packed up and left for him at the front desk. Plaintiff requested his separation papers at the end of the phone call.

19. On May 31, 2022, Plaintiff received a termination notice stating no reason for his termination.

20. Since his unlawful termination, Plaintiff has experienced a decline in his overall health including but not limited to increased emotional distress, resulting in physician visits.

21. Because of his unlawful termination, Plaintiff was forced to move from his home near the plant to an apartment in Cordova, Tennessee, causing him to get rid of possessions among other things.

22. Because of his unlawful termination, Plaintiff is now suffering on-going loss of wages. Plaintiff had planned to work until age 70. He should be compensated for his wage losses and all other benefits he would have been entitled to had he remained employed.

23. As a direct and proximate result of the discriminatory acts set forth above, Plaintiff has suffered the following injuries, including but not limited to:

    a. Embarrassment;

    b. Humiliation;

    c. Loss of self-esteem;

    d. Increased anxiety;

    e. Damage of reputation;

    f. Loss of concentration.

24. The foregoing injuries set forth have been suffered and will continue to be suffered into the foreseeable future.

25. Plaintiff should be made whole for all injuries and losses suffered by Plaintiff as a proximate result of Defendant's unlawful acts.

26. Defendant has intentionally, willfully, and/or recklessly violated Plaintiff's rights. An award of punitive damages is appropriate under the law.

## COUNT I

27. The allegations contained in paragraphs 1 through 26 are incorporated by reference into this Count I.

28. The THRA, TENN. CODE ANN. § 4-21-401, *et seq.*, states in pertinent part that all employees should be protected from, *inter alia*, discrimination and that all employees' interests in dignity and freedom from humiliation should be protected.

29. Plaintiff's termination was based on his race (black) in violation of the THRA.

30. Accordingly, Plaintiff is entitled to a damages award against Defendant for all back pay, front pay, all benefits, prejudgment interest, tax gross-up, and attorney's fees and expenses.

## COUNT II

31. The allegations contained in paragraphs 1 through 26 are incorporated by reference into this Count II.

32. Federal law, specifically 42 U.S.C. § 1981, as amended, states in pertinent part that all employees should be protected from, *inter alia*, discrimination and that all employees' interests in dignity and freedom from humiliation should be protected.

33. Plaintiff's termination was based on his race (black) in violation of 42 U.S.C. § 1981, as amended.

34. Accordingly, Plaintiff is entitled to a damages award against Defendant for all back pay, front pay, lost benefits, prejudgment interest, tax gross-up, and attorney's fees and expenses. Finally, because of Defendant's willful and intentional conduct and reckless disregard for Plaintiff's federally protected rights, Plaintiff is entitled to an award of punitive damages against Defendant.

## COUNT III

35. The allegations contained in paragraphs 1 through 26 are incorporated by reference into this Count III.

36. Plaintiff filed a Charge of Discrimination (No. 490-2022-01824) with the EEOC on October 9, 2022. The foregoing charge was filed within 300 days of Plaintiff's wrongful termination.

37. On October 20, 2022, the EEOC issued a Notice of Right to Sue on the grounds that it would do no further investigation.

38. Plaintiff's EEOC Charge was timely filed, and Plaintiff exhausted all of his administrative remedies on his charge. Plaintiff has timely filed this complaint within 90 days of receiving the Notice of Right to Sue.

39. Title VII, 42 U.S.C. § 2000e, *et seq.*, provides in pertinent part that it shall be an unlawful employment practice for an employer to discharge any individual on the basis of race.

40. Plaintiff's termination was based on his race (black) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.

41. Accordingly, Plaintiff is entitled to a damages award against Defendant for all back pay, front pay, lost benefits, prejudgment interest, tax gross-up, and attorney's fees and expenses. Finally, because of Defendant's willful and intentional conduct and reckless disregard for

Plaintiff's federally protected rights, Plaintiff is entitled to an award of punitive damages against Defendant.

## COUNT IV

42. The allegations contained in paragraphs 1 through 26 are incorporated by reference into this Count IV.

43. The THRA, TENN. CODE ANN. § 4-21-401, *et seq.*, provides that an employer should not retaliate against employees for engaging in protected activity.

44. Plaintiff's termination was based on retaliation for his engagement in protected activity in violation of the THRA.

45. Accordingly, Plaintiff is entitled to a damages award against Defendant for all back pay, front pay, all benefits, prejudgment interest, tax gross-up, and attorney's fees and expenses.

## COUNT V

46. The allegations contained in paragraphs 1 through 26 are incorporated by reference into this Count V.

47. Federal law, specifically 42 U.S.C. § 1981, as amended, provides that an employer should not retaliate against employees for engaging in protected activity.

48. Plaintiff's termination was based on retaliation for his engagement in protected activity in violation of 42 U.S.C. § 1981, as amended.

49. Accordingly, Plaintiff is entitled to a damages award against Defendant for all back pay, front pay, lost benefits, prejudgment interest, tax gross-up, and attorney's fees and expenses. Finally, because of Defendant's willful and intentional conduct and reckless disregard for Plaintiff's federally protected rights, Plaintiff is entitled to an award of punitive damages against Defendant.

## COUNT VI

50. The allegations contained in paragraphs 1 through 26 are incorporated by reference into this Count VI.

51. Plaintiff filed a Charge of Discrimination (No. 490-2022-01824) with the EEOC on October 9, 2022. The foregoing charge was filed within 300 days of Plaintiff's wrongful termination.

52. On October 20, 2022, the EEOC issued a Notice of Right to Sue on the grounds that it would do no further investigation.

53. Plaintiff's EEOC Charge was timely filed, and Plaintiff exhausted all of his administrative remedies on his charge. Plaintiff has timely filed this complaint within 90 days of receiving the Notice of Right to Sue.

54. Title VII, 42 U.S.C. § 2000e, *et seq.*, provides in pertinent part that it shall be an unlawful employment practice for an employer to discharge any individual in retaliation for his engagement in protected activity.

55. Plaintiff's termination was based on retaliation for his engagement in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.

56. Accordingly, Plaintiff is entitled to a damages award against Defendant for all back pay, front pay, lost benefits, prejudgment interest, tax gross-up, and attorney's fees and expenses. Finally, because of Defendant's willful and intentional conduct and reckless disregard for Plaintiff's federally protected rights, Plaintiff is entitled to an award of punitive damages against Defendant.

## COUNT VII

57. The allegations contained in paragraphs 1 through 26 are incorporated by reference

into this Count VII.

58. The THRA, TENN. CODE ANN. § 4-21-401, *et seq.*, states in pertinent part that all employees should be protected from, *inter alia*, discrimination and that all employees' interests in dignity and freedom from humiliation should be protected.

59. Plaintiff's termination was based on his sex (male) in violation of the THRA.

60. Accordingly, Plaintiff is entitled to a damages award against Defendant for all back pay, front pay, all benefits, prejudgment interest, tax gross-up, and attorney's fees and expenses.

## COUNT VIII

61. The allegations contained in paragraphs 1 through 26 are incorporated by reference into this Count VIII.

62. Plaintiff filed a Charge of Discrimination (No. 490-2022-01824) with the EEOC on October 9, 2022. The foregoing charge was filed within 300 days of Plaintiff's wrongful termination.

63. On October 20, 2022, the EEOC issued a Notice of Right to Sue on the grounds that it would do no further investigation.

64. Plaintiff's EEOC Charge was timely filed, and Plaintiff exhausted all of his administrative remedies on his charge. Plaintiff has timely filed this complaint within 90 days of receiving the Notice of Right to Sue.

65. Title VII, 42 U.S.C. § 2000e, *et seq.*, provides in pertinent part that it shall be an unlawful employment practice for an employer to discharge any individual on the basis of sex.

66. Plaintiff's termination was based on his sex (male) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.

67. Accordingly, Plaintiff is entitled to a damages award against Defendant for all back pay, front pay, lost benefits, prejudgment interest, tax gross-up, and attorney's fees and expenses. Finally, because of Defendant's willful and intentional conduct and reckless disregard for Plaintiff's federally protected rights, Plaintiff is entitled to an award of punitive damages against Defendant.

## COUNT IX

68. The allegations set forth in paragraphs 1 through 26 are incorporated by reference into this Count IX.

69. The Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*, states in pertinent part that it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under this title.

70. Plaintiff's termination was based on his application for leave in violation of the FMLA.

71. Accordingly, Plaintiff is entitled to a damages award against Defendant for all back pay, front pay, all benefits, prejudgment interest, tax gross-up, and attorney's fees and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

1. The Court order Defendant to rescind all adverse employment actions taken against Plaintiff.

2. The Court order Defendant to make Plaintiff whole for all lost wages and fringe benefits, back pay, front pay, loss of earning capacity, and emotional distress relating to Defendant's wrongful acts of discrimination.

3. The Court order Defendant to pay prejudgment interest, tax gross-up, attorney's fees and expenses.

4. The Court order Defendant to reinstate Plaintiff with all back pay if that is determined to be the proper remedy.

5. The Court award Plaintiff punitive damages.

6. The Court award Plaintiff liquidated damages.

7. The Court grant Plaintiff all other relief to which he is entitled.

8. Plaintiff demands a jury trial.

Respectfully submitted,

*/s/ Emily D. Johns*_____
Ralph Gibson (BPR#)
Emily Johns (BPR#40101)
GIBSON PERRYMAN LAW FIRM
Attorneys for Plaintiff
5100 Poplar Avenue, Suite 2117
Memphis, Tennessee 38137
901.526.0412
Ralph@gibsonperryman.com
Emily@gibsonperryman.com